10240

DONALDSON v. TEMPLE.

(99 S. E. 835.)

1. Mortgages—Deed Intended as Mortgage—Relief—Rental Value. —Where defendant rightfully went into possession under a deed intended as a mortgage, but failed to improve the property as agreed, the purpose of the transfer being to secure the defendant for money to· be spent in making improvements, thereby causing plaintiff to lose a good tenant and the property to deteriorate, the Court, on declaring the deed a mortgage, properly charged defendant with the rental value of the property.

2. Mortgages—Declaring Deed a Mortgage—Relief.—Where defendant went into possession of a hotel building under a deed and failed as agreed to advance money for repairs and improvements, and in the management of the same bought furniture, the Court, on declaring the deed a mortgage, properly refused to allow defendant a monthly rental for the furniture; plaintiff having lost a good tenant through defendant's failure to advance the money for the repairs and improvements. ·

Before Shipp and Memminger, JJ., Dillon, Spring term and Fall term, 1917. Affirmed.

Action by Kate F. Donaldson against L. W. Temple. Judgment for plaintiff, and defendant appeals. ·

Messrs. Gibson & Muller and L. D. Lide, for appellant, submit: That appellant could not be held liable for the rental value of the premises, but only for such rents as he actually received: 2d Strob. Eq. 160; 14 S. C. 292; 38 S. C. 440; 39 S. C. 239; 42 S. C. 537.

Messrs. Townsend, Rogers & McLaurin, for respondent (oral argument).

July 14, 1919.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action to have a deed absolute on its face declared to be a mortgage for an account of the rents and profits and to redeem.

The plaintiff alleged that she was the owner of a lot of land in the town of Dillon, on which was situated a house used as an hotel; that the defendant had a mortgage upon the premises; that she had a bargain for a lease of the hotel property with one C. M. Pooser; that the plaintiff, the defendant, and Mr. Pooser signed a contract for the lease of the hotel property on the condition that the hotel property should be improved to the extent of $1,800, the money for the improvements to be furnished by the defendant; that, in order to fully secure the defendant for his then existing debt, the sum to be advanced, and certain other debts of the plaintiff, which the defendant was to take up, the plaintiff made the deed in question and turned over the property to the defendant with full power to manage the same; that the defendant fraudulently refused to furnish the money necessary for the repairs, and in consequence thereof Mr. Pooser surrendered his lease, and no other satisfactory tenant had been found.    In the efforts to manage the hotel, it was found necessary to put new furniture in the hotel.    This furniture the defendant purchased, and claimed a monthly rental of the furniture at so much a month.

On the trial of the cause the deed was declared to be a mortgage.    The questions on this appeal are in reference to certain items of the account, and will be considered in their order.

1. The defendant complains of error in allowing rental value instead of rents actually received.    The appellant claims that, when the Circuit decree found that the appellant was rightfully in possession, he was accountable only for rents actually received.    It is true that, when one is rightfully in possession, he is liable only for rents actually received.    This, however, is not absolute.    Where one is in wilful default, he may be charged with rental value.

See Pomeroy's Equity Jurisprudence, vol. III, sec. 1216. In this case the plaintiff lost a good tenant and the property deteriorated because the defendant wilfully refused to make the improvements his contract required. There was no error here.

2. The error alleged in the second and third exceptions is the failure of the trial Court to allow the monthly rent of the furniture. The defendant had ample security for all the money he should advance for the plaintiff. The trial Court allowed the money advanced and interest thereon, and this was certainly all he had a right to recover. There was no error here.

3. The fourth and last exception complains of error in allowing $75 instead of $150 for repairs. The testimony fully sustains the finding of $75, and there was no error here.

The judgment is affirmed.